**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

ANDREW DECKER,

       Plaintiff,

   v.

SHANNAH JOHNSON, et al.,

       Defendants.

No.  2:22-CV-0258-DAD-DMC

ORDER

      Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's complaint, ECF No. 1.

      The Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if it determines that it lacks subject matter jurisdiction.  Because Plaintiff has been granted leave to proceed in forma pauperis, the Court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

1

# I.  PLAINTIFF'S ALLEGATIONS

2       Plaintiff names the following as Defendants: (1) City of Redding ("City"), (2) City

3  of Redding Police Department ("Department"), (3) Shannah Johnson, Police Officer with

4  Department, (4) Jacob Ruiz, Police Officer with Department, (5) Kristen Schreder, Mayor of

5  City, (6) William Shueller, Chief of Police of Department for City, and (7) Does 1 through 10.

6  See ECF No. 1, pgs. 4-5.

7       Plaintiff claims (1) violations of Fourth, Fifth, and Fourteenth Amendments and

8  California Constitution, Art. I, § 7; (2) violations of California State Unruh Civil Rights Act,

9  Civil Code §§ 52 and 52.1; (3) violations of Fourth, Fifth, and Fourteenth Amendments and

10  California Constitution, Art. I, § 7 pursuant to 42 U.S.C. § 1983, (4) unreasonable force by law

11  enforcement officer in arrest or other seizure (5) excessive use of force, unreasonable arrest or

12  other seizure (6) battery by peace officer, (7) intentional infliction of emotional distress, and

13  (8) negligence.  See ECF No. 1, pgs. 10-15.  Plaintiff seeks compensatory, general, and special

14  damages, punitive damages, at least $4,000 for each violation of California Civil Code section

15  52.1 and 52, and declaratory and injunctive relief. See ECF No. 1, pg. 16.

16       Plaintiff claims that Defendants Johnson and Ruiz used unreasonable and unlawful

17  force in effectuating Plaintiff's arrest for an outstanding warrant and that probable cause for

18  additional charges of resisting arrest were based on false statements by Defendant Johnson made

19  in violation of Plaintiff's constitutional rights.  See generally, ECF No. 1; see also id., pgs. 21-

20  24.[1]  Plaintiff alleges he was "attacked without warning or provocation" by Defendants Johnson

21  and Ruiz and that Plaintiff's right arm was "grabbed and put into a painful hold."  See ECF No. 1,

22  pg. 5.  Plaintiff claims he was then "shoved onto the hood" of the police vehicle, which caused

23  mental and physical pain and injury.  See id.

24  / / /

25  / / /

26       [1]      Plaintiff attaches to his complaint copies of the officer incident report and the
warrantless arrest probable cause statement, prepared by Defendant Johnson, which details the
27  events on which Plaintiff bases his allegations.  The Court takes judicial notice of both documents
because each is a document upon which the complaint necessarily relies.  See Lee v. City of Los
28  Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

As to Plaintiff's claims against the City and Department, the complaint alleges that, despite the City receiving money for implementation of a body-camera program in 2017, Department allegedly refuses to use such recording devices.  See id. at 7.  According to Plaintiff, Department has a "culture of 'Back the Blue,'" which is depicted in its use of a modified U.S. flag; the modified flag is a custom in a "'thin blue line'" culture in which "police see themselves as gatekeeper or checkpoint, to social order."  Id. at 8. Plaintiff claims Department operates under policies and customs that are "intended to veil and shield their conduct" and has a policy of refusing to use any recording devices in performance of law enforcement duties.  Id. at 7.  Plaintiff alleges that it is an "officer's statement on a piece of paper that can lead to prosecution, and nothing else."  Id.  There alleges that there is a "long-standing public perception of [the Department] engaging in a practice of biased enforcement against lower-income persons" and "targeting people. . . ." Id. at 8.  Plaintiff states that he "has no reasonable doubt" that if he drove a nice car or had been wearing a shirt and tie, he "likely would not have even been pulled over for expired registration."  Id.

Finally, in support of his state law claims for battery and intentional infliction of emotional distress, Plaintiff alleges that when Defendants Johnson and Ruiz used excessive force in effecting Plaintiff's arrest, such force constituted harmful and/or offensive conduct.  See id. at 13.

## II.  DISCUSSION

In considering whether a complaint states a claim, the Court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations,

1   need not be accepted.  See Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).  In addition, pro se

2   pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v.

3   Kerner, 404 U.S. 519, 520 (1972).

4           Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

5   of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair

6   notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly,

7   550 U.S. 544, 555 (2007) (citation omitted).  However, in order to survive dismissal for failure to

8   state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

9   cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

10  speculative level." Id. at 555-56.  The complaint must contain "enough facts to state a claim to

11  relief that is plausible on its face." Id.  at 570.  "A claim has facial plausibility when the plaintiff

12  pleads factual content that allows the court to draw the reasonable inference that the defendant is

13  liable for the misconduct alleged." Ashcroft, 556 U.S. at 678.  "The plausibility standard is not

14  akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

15  has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).  The mere possibility of

16  misconduct will not suffice to meet this standard.  See id. at 679.

17          As to Defendants Johnson and Ruiz, the Court finds that the complaint states a

18  cognizable claim for excessive force.  Plaintiff alleges that after exiting the vehicle, Defendant

19  Ruiz "came from behind" and "grabbed [Plaintiff's] right arm in an excruciatingly painful hold"

20  and that, at the time, Plaintiff was under doctor's care for an injured shoulder.  Thereafter,

21  Defendant Johnson "grabbed" Plaintiff's "left arm to put in a cuff" as Plaintiff was "begging

22  [Defendants Johnson and Ruiz] to "stop assaulting" him.  Instead of releasing pressure on his

23  injured shoulder, Defendant Ruiz applied more pressure and Plaintiff screamed in pain.  Further,

24  Plaintiff asserts that the handcuffs were applied so tightly "as to cause [Plaintiff] pain and

25  distress" and that "it was impossible to put anything between the cuffs and his wrists, let alone a

26  finger," which caused tingling and numbing and left marks on his skin.  Plaintiff was then placed

27  in the back of the squad car and all demands for medical care resulting from the alleged excessive

28  force in arresting Plaintiff and application of tight-fitting handcuffs by Defendants were denied.

4

Because Plaintiff has failed to allege any specific facts as to any of the named defendants other than Johnson and Ruiz, the Court finds Plaintiff's complaint deficient under Rule 8(a). Except for Defendants Johnson and Ruiz, Plaintiff fails to plead facts sufficient to allow the Court to draw reasonable inferences that each named defendant is liable for the alleged wrongdoing and that Plaintiff is entitled to relief beyond mere speculation.  The complaint also fails to contain sufficiently specific facts to put the other named defendants on notice of the nature of Plaintiff's claims against them.  The Court discusses these and other deficiencies in more detail below.

### A.    Link to Named Defendants

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff's vague and conclusory statements are insufficient.  Plaintiff has failed to allege specific facts as to how each named Defendant, other than Defendants Johnson and Ruiz, are involved as to each alleged wrongdoing, how the conditions complained of have resulted in a deprivation of his constitutional rights, or set forth some link or connection between each Defendant and the claimed deprivation.

/ / /

/ / /

/ / /

5

1

  **B.**   **Municipal Liability**

2

    Plaintiff has named the City of Redding and City of Redding Police Department as

3

Defendants.  Municipalities and other local government units are among those "persons" to whom

4

§ 1983 liability applies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  Counties

5

and municipal government officials are also "persons" for purposes of § 1983.  See id. at 691; see

6

also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989), overruled on other

7

grounds by Bull v. City & Cnty. of San Francisco, 595 F.3d 964, 981 (9th Cir. 2010).  A local

8

government unit, however, may not be held responsible for the acts of its employees or officials

9

under a respondeat superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520 U.S.

10

397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of

11

the actions of its employees or officers.  See id.

12

    To assert municipal liability, the plaintiff must allege that the constitutional

13

deprivation complained of resulted from a policy or custom of the municipality. See id.  Official

14

policy includes "the decisions of a government's lawmakers, the acts of its policymaking

15

officials, and practices so persistent and widespread as to practically have the force of law."

16

Connick v. Thompson, 563 U.S. 51, 61 (2011). Generally, a claim against a local government unit

17

for municipal or county liability requires an allegation that "a deliberate policy, custom, or

18

practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v.

19

County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio v. Harris, 489

20

U.S. 378, 385 (1989).  Alternatively, municipal liability may be imposed where an omission led

21

to the constitutional violation by its employee. See Nathaniel v. City of Redding, No. 2:19-CV-

22

00388-CKD-P, 2019 WL 2410510, at *2 (E.D. Cal. June 7, 2019). To establish municipal

23

liability under this theory, the "plaintiff must show that the municipality's deliberate indifference

24

led to its omission and that the omission caused the employee to commit the constitutional

25

violation." Id. (citation and quotations omitted).  Deliberate indifference requires Plaintiff to show

26

that the municipality had either actual or constructive notice that its omissions would likely result

27

in a constitutional violation. See id.

28

/ / /

1    Under either theory, "to be entitled to the presumption of truth," Plaintiff must

2    establish an affirmative causal link between the municipal policy or practice and the alleged

3    constitutional violation.  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011); See Canton, 489

4    U.S. at 385, 391-92; Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Oviatt v.

5    Pearce, 954 F.2d 1470, 1473-74 (9th Cir. 1992)).  Plaintiff must allege with particularity those

6    acts which defendants engaged in that support plaintiff's claims.  See Jones v. Cmty. Redv.

7    Agency, 733 F.2d 646, 649 (9th Cir. 1984).

8    Plaintiff's complaint is deficient as to the named municipal defendants.  Plaintiff

9    makes no allegations regarding any municipal policy, custom, or practice that could support a

10   municipal liability claim.  Instead, Plaintiff's factually supported allegations are only against the

11   individual officers whom he claims used excessive force against him.  Plaintiff makes vague and

12   conclusory statements that the Department operates under policies and customs that are "intended

13   to veil and shield their conduct" and has a policy of "refusing to use any recording devices in

14   performance of law enforcement duties."  Plaintiff also pleads no facts regarding any City policy,

15   custom, or practice that deprived Plaintiff of his constitutional rights.  Plaintiff's general

16   contentions are insufficient.

17   Plaintiff must plead with specificity how: (1) Plaintiff's constitutional deprivation

18   resulted from a particular policy, custom, or practice of the local government (2) that policy was

19   based on the actual decisions and acts of its policymakers, and (3) those practices are persistent

20   and widespread.  Alternatively, Plaintiff must show that the municipality was deliberately

21   indifferent as to Plaintiff's constitutional rights due to either actual or constructive notice that its

22   omissions would likely result in unlawful conduct.  At this time, Plaintiff's complaint fails to

23   state a claim of municipal liability against the City of Redding and the Redding Police

24   Department.

25   / / /

26   / / /

27   / / /

28   / / /

7

1    **C.    Supervisor Liability**

2            To the extent that Defendants Schreder, Mayor with City of Redding and

3    Defendant William Shueller, Chief of Police with City of Redding, are named in the complaint as

4    supervisory personnel, supervisory personnel are generally not liable under § 1983 for the actions

5    of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is

6    no respondeat superior liability under § 1983); Ashcroft, 556 U.S. at 677 (In a § 1983 suit,

7    "masters do not answer for the torts of their servants").  A supervisor is only liable for the

8    constitutional violations of subordinates if the supervisor participated in or directed the violations.

9    See id.; see also Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989) (dismissing supervisory

10   liability claim where the complaint included "no allegation that the police chief was personally

11   involved in the incident"); Rodriguez v. City of Modesto, 535 F. App'x 643, 646 (9th Cir. 2013)

12   (finding supervisor liability claim dismissed in error because the supervisor was the ranking

13   officer on the scene and personally directed the arresting officers).

14           A supervisory defendant cannot be liable based only on knowledge and

15   acquiescence in a subordinate's unconstitutional conduct because government officials, regardless

16   of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct

17   of others. See Ashcroft, 556 U.S. at 676.  Supervisory personnel who implement a policy so

18   deficient that the policy itself is a repudiation of constitutional rights and the moving force behind

19   an alleged constitutional violation may be liable, even where such personnel do not overtly

20   participate in the offensive act. See Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir.

21   1991) (en banc), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994).

22           When a defendant holds a supervisory position, the causal link between such

23   defendant and the claimed constitutional violation must be specifically alleged. See Fayle v.

24   Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

25   1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in

26   civil rights violations are not sufficient. See Ivey, 673 F.2d at 268. "[A] plaintiff must plead that

27   each Government-official defendant, through the official's own individual actions, has violated

28   the constitution." Ashcroft, 662 U.S. at 676.

8

Plaintiff's complaint fails to contain any allegations to support the liability of either Defendant Schreder, as Mayor, or Defendant Shueller, as Chief of Police.  Plaintiff's complaint is empty of specific facts showing Defendants' personal involvement, either by way of their own actions or implementation of a constitutionally deficient policy, which caused Plaintiff harm or violated his rights.

### D.       State Law Claims Under California Civil Code sections 52 and 52.1

Plaintiff asserts state law claims under the California State Unruh Civil Rights Act, California Civil Code sections 52 and 52.1 against all Defendants.  The California Unruh Civil Rights Act prohibits the denial of access to "the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever" based on protected classifications of sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status." Cal. Civ. Code § 51(b).

To succeed on an Unruh Act claim, a plaintiff must allege facts that demonstrate "willful, affirmative misconduct" and provide more than "the disparate impact of a facially neutral policy on a particular group." Cullen v. Netflix, 880 F. Supp. 2d 1017, 1024 (N.D. Cal. 2012); see Ashcroft, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); see also Rodriguez v. City of Modesto, 535 F. App'x 643, 645 (9th Cir. 2013) (affirming dismissal of state law civil rights claim as conclusory for failing to plead facts sufficient to support a claim for relief); Divino Group LLC v. Google LLC, No. 19-CV-04749-VKD, 2022 WL 4625076, at *8 (N.D. Cal. Sept. 30, 2022) ("[A] plaintiff seeking to establish a case under the Unruh Act must plead and prove intentional discrimination in public accommodations in violation of the terms of the Act.") (citation and quotation marks omitted).

Here, Plaintiff alleges only that there is a "long-standing public perception of [the Department] engaging in a practice of biased enforcement against lower-income persons" and "targeting people without anywhere else to go. . . ."; Plaintiff "has no reasonable doubt" that if he drove a nice looking car or had been wearing a shirt and tie, he "likely would not have even been

9

pulled over for expired registration."  Wealth is not a protected classification and Plaintiff's allegations are conclusory.  Thus, Plaintiff has failed to plead facts sufficient to state a claim for relief under California State Unruh Civil Rights Act.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading.  See id. If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  October 17, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE